**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| DAVID J. LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>ADAM HERZOG, Correctional Officer; DR. ELAINE YORK, Physician; and JARED RARDIN, Warden,<br><br>Defendant. | Case No. 26-CV-3350 (NEB/EMB)<br><br>ORDER ACCEPTING REPORT AND RECOMMENDATION |

---

Plaintiff David Lewis is an inmate at the Federal Medical Center in Rochester, Minnesota. While imprisoned, Lewis alleges complications with his medical care. In his complaint, Lewis claims that his doctor did not inform him of medical diagnoses she had made. (ECF No. 1 ("Compl.") at 1.) He also alleges that his doctor amputated his toe unnecessarily, and that a correctional officer failed to dispense his blood thinner medication on three separate occasions. (*Id.* at 1–2, ECF No. 6 at 2.) Lewis sued the correctional officer, his doctor, and the warden for violations of the Eighth Amendment, the Fourteenth Amendment, and the 1868 Treaty of Fort Laramie. (ECF No. 1.)

Lewis filed a similar complaint against the same parties for negligence and medical malpractice in 2023. Those claims were dismissed without prejudice, in part because they were state-law tort claims against federal officials, and Lewis did not fulfill the administrative exhaustion requirement under the Federal Tort Claims Act ("FTCA"). *Lewis v. Rardin,* No. 23-cv-2746 (JWB/DTS), 2025 WL 1920563, at *3–4 (D. Minn. May 29, 2025). The present case presents largely the same factual allegations, but the claims

asserted arise under federal, not state law, so FTCA exhaustion requirements do not apply.

In a Report and Recommendation ("R&R") dated August 12, 2026, United States Magistrate Judge Elsa M. Bullard recommended that this Court dismiss Lewis's suit for failure to state a claim. (ECF No. 5.) Lewis objected (ECF No. 6), and this Court will review the R&R *de novo*. Because this Court agrees that Lewis has not established a claim in his pleadings, the Court accepts the R&R and dismisses this case without prejudice.

## ANALYSIS

As the R&R noted, because Lewis is a prisoner, the Court conducts a preservice review of Lewis's claim and may dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. To avoid dismissal, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the factual allegations need not be detailed, they must rise "above the speculative level" and provide more than mere conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Lewis is a *pro se* plaintiff, his complaint must be "construed liberally" and "held to less stringent standards" than a complaint filed by an attorney. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified). Even so, the complaint must still allege enough facts to state a claim. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### I. Constitutional Claims

Lewis alleges that the unnecessary amputation of his toe, as well as Dr. York's failure to inform him of his diagnosis, constitutes a violation of his constitutional rights. (Compl. at 1–2.) The Eighth Amendment's prohibition against cruel and unusual

punishment extends to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But a plaintiff alleging deliberate indifference must show more than "mere negligence or medical malpractice"; they must show that a prison doctor "failed to respond to serious medical needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (internal citations omitted). This requires an official to "recognize[] that a substantial risk of harm existed *and* kn[ow] that [their] conduct was inappropriate in light of that risk." *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009). As Judge Bullard notes, Lewis does not allege that Dr. York failed to provide care. (ECF No. 5 at 4.) Instead, he claims that he received "unnecessary" care and that his providers had "failed to inform" him of diagnoses he had received. (Compl. at 1–2). This is an allegation of medical malpractice, not an allegation of deliberate indifference.

Lewis objects that Officer Herzog violated his constitutional rights by failing to provide him with his prescribed blood thinner, a denial of medical care. But to establish an Eighth Amendment claim, a prisoner must demonstrate that the deprivation of care was "sufficiently serious" as measured by the "*effect* of delay in treatment." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (citation modified). There must be "medical evidence that delay in the provision" of care had "any adverse [e]ffect on his prognosis." *Id.* Lewis has alleged no serious consequences arising from the denial of the blood thinner. Nor has he alleged deliberate indifference; he has not claimed that Warden Herzog both recognized that a substantial risk of harm existed and acted in a way he knew was inappropriate in light of that risk. Because he has established neither deliberate indifference nor serious medical consequences, Lewis has not pleaded a viable Eighth Amendment claim.

## II. Fort Laramie Treaty

In his objection, Lewis notes that he is affiliated with the Ho Chunk Nation and Dakota Sioux tribes, and claims that the unnecessary removal of his toe violates the "bad men amongst the whites" provision of the 1868 Fort Laramie Treaty ("the Treaty"). (ECF No. 6); Fort Laramie Treaty of 1868, art 1 *et seq.*, Apr. 29, 1868, 15 Stat. 635.

But the "bad men" provision allows individuals to "file suit against the United States for reimbursement—not the 'bad men' themselves." *Montileaux v. Diocese of S.D.*, 2021 WL 940554, at *2 (D.S.D. Feb. 24, 2021). Such a claim cannot be brought against individual defendants; it must be brought against the United States government.

Additionally, jurisdiction for Lewis's Treaty claims is not proper in this court. The Tucker Act governs constitutional and contract claims against the United States government.[1] Under the Tucker Act, the United States Court of Federal Claims has exclusive jurisdiction over such claims exceeding $10,000. Because Lewis is seeking $30 million in damages (Compl. at 4.), the $10,000 jurisdictional threshold has been exceeded. To the extent that Lewis has claims under the Treaty, the Court of Federal Claims, not the District of Minnesota, would have proper jurisdiction.

---

[1] Lewis questions the applicability of the Tucker Act to this case in his objection. Yet the "bad men" provision of the Treaty is enforceable "by suit in the [Federal] Claims Court under the Tucker Act," *Richard v. United States*, 677 F.3d 1141, 1150 (Fed. Cir. 2012) (citing *Tsosie v. United States*, 825 F.2d 393, 394 (Fed. Cir. 1987)), because "the . . . provision created an individual third-party contractual right" for a claimant to "pursue a suit against the United States." *Elk v. United States*, 87 Fed. Cl. 70, 78–79 (Fed. Cl. 2009).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Judge Bullard's Report and Recommendation (ECF No. 5) is ACCEPTED; and

2. Plaintiff David J. Lewis's complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 29, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge